PFLIEGER v. STATE.

Ohio Appeals, 2nd Dist., Franklin Co.

No. 1608.   Decided Nov. 10, 1927.

First Publication of this Opinion.

Syllabus by Editorial Staff.

49. AFFIDAVITS.

Section 13572 GC., requiring prosecuting witness to indorse indictment, held not to apply to affidavit or information.

683. JURY—400.   DISCRETION.

Trial court held not to have abused discretion in overruling challenges.

Error to Common Pleas.
Judgment affirmed.

L. P. Henderson, Columbus, for Pflieger.
Horrace Kerr, Columbus, for State.

FULL TEXT.

BY THE COURT.

The plaintiff in error, Albert G. Pflieger, was charged in Municipal Court with committing assault and battery upon Helen Price. The case was tried in Municipal Court before a jury and resulted in a conviction. A motion for a new trial was overruled, and the court sentenced the plaintiff in error to pay a fine of $200.00 and costs, and to be imprisoned in the workhouse for a period of six months, this being the maximum for the offense of assault and battery. Error was prosecuted in the Court of Common Pleas and resulted in an affirmance of the judgment of the Municipal Court. Error has now been prosecuted in this court. We have carefully examined the briefs of counsel and the evidence as shown in the record. Counsel contend that the affidavit was invalid for the reason that the affidavit had not been indorsed by the prosecuting witness. While Section 13572, General Code, requires such an indorsement upon an indictment, there is no statute which requires an affidavit or information to be so indorsed and the statute in respect to indictments does not therefore apply in the present case. This was decided in the Supreme Court in the case of Bartlett v. the State, 22 OS. 669. The next objection relates to challenges to the jury. Questions were put to certain jurors in relation to the offense of a man striking a woman. Some of the prospective jurors stated that a man would not be justified in striking a woman under any circumstances but all these jurors in response to questions by the court stated that they would follow the law and the charge of the court in the case under consideration. A latitude of discretion is necessarily allowed to the trial court in the matter of challenges of prospective jurors upon the question of bias and prejudice. In view of the answers given by the jurors to the questions propounded by the court, we are of the opinion that the trial court did not abuse its discretion in overruling the challenges. Lindsey v. State, 69 OS. 215. We find no prejudicial error in any action or ruling of the trial court. Considering the evidence we are clearly of the opinion that the evidence supports the verdict as returned by the jury. There was no excuse for the plaintiff in error for the assault upon this young lady. Even if all he claimed were true it would not justify the assault. But the weight of the evidence does not show any improper conduct on the part of Miss Price. The jury found the plaintiff in error guilty and that verdict should stand. The trial court evidently thought the assault was aggravated and unprovoked on the part of the plaintiff in error and gave the defendant the limit provided by law in cases of assault and battery. We find no grounds upon which to disturb the sentence of the court.

Judgment affirmed and case remanded to the Municipal Court for execution.

(Ferneding, Kunkle and Allread, JJ., concur.)